UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOLIMAR ECHEVARRIA and
LINNETTE M. CONDE REYES,

        Plaintiffs,                          Case No. 6:20-cv-1406-PGB-DCI

vs.

NAVIENT SOLUTIONS, LLC and,
INSTITUTE OF TECHNICAL ARTS,
LLC,

        **Defendant.**
_____/

**DEFENDANT NAVIENT SOLUTIONS, LLC'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs Solimar Echevarria and Linnette M. Conde Reyes ("Plaintiffs") assert a single claim for breach of contract against Defendant Navient Solutions, LLC ("NSL"), based on the denial of Plaintiffs' applications for discharge of federal student loans. However, Plaintiffs cannot establish a prima facie breach of contract claim. Indeed, their own documents show that NSL was not a party to the promissory notes at issue. As this deficiency cannot be cured by amendment, Plaintiffs' Complaint [Dkt. 1-1] against NSL should be dismissed with prejudice.

**FACTUAL BACKGROUND**

A.    **Plaintiffs' Student Loans.**

On or around October 2014, Plaintiff Solimar Echevarria ("Echevarria") applied for admission to the Institute of Technical Arts, LLC ("ITA"). [Dkt. 1-1 at ¶ 11]. To fund her college education, Echevarria applied for and became a borrower under the William D. Ford

1

Federal Direct Loan Program ("Direct Loan") on October 27, 2014. *See generally,* Exhibit A[1]; [Dkt. 1-1 at 13]. The Direct Loan program is a federal student loan program through which eligible students and parents borrow directly from the U.S. Department of Education ("DOE") at participating schools.[2] NSL serviced Echevarria's Direct Loans. [Dkt. 1-1 at 13].

In order to assist her daughter in funding her higher education, Echevarria's mother, Linnette M. Conde Reyes ("Reyes"), entered into a Direct Plus Loan. [Dkt. 1-1 at, ¶ 16]; [Dkt. 1-1 at 16-27, 59-60]. NSL services Reyes' Direct Plus Loan.

### B.     Plaintiffs' Discharge Applications and Lawsuit.

Echevarria claims to have attended ITA from October 22, 2014 to July 15, 2015, at which time she requested a medical leave of absence. [Dkt. 1-1 at ¶ 17-18]. While on medical leave, Echevarria received an email from ITA advising that the campus closed "effective 9/3/2015 until 9/13/2015. The campus will tentatively re-open on 9/14/2015." [Dkt. 1-1 at 30].

On September 22, 2015, Plaintiffs filed Loan Discharge Applications ("Applications"), allegedly after they learned that the DOE and the Inspector General raided the ITA campus and closed the school. [Dkt. 1-1 at ¶¶ 21, 25]; [Dkt. 1-1 at 34-40]. On October 27, 2017, NSL advised Plaintiffs of the DOE's decision to deny the Applications. [Dkt. 1-1 at 59-62]. The

---

[1] "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of a Rule 12(b)(6) dismissal." *Brooks v. Blue Cross & Blue Shield of Fl., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). The Court may also consider matters of which it may take judicial notice. *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993); *see also,* Fed. R. Civ. P. 10 (c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[2] https://studentaid.gov/help-center/answers/article/federal-direct-loan-program (last visited on August 10, 2020).

denial letter expressly stated that Plaintiffs' loans "are owned by the U.S. Department of Education. The terms of the federal student loan programs are not determined by [NSL], they are established by federal law, in particular by the Higher Education Act of 1965, as amended, and U.S. Department of Education regulations. Among other things, <u>the law and regulations set</u> borrowing limits, interest rates, eligibility for subsidies, repayment plans, capitalization of interest, and <u>loan forgiveness.</u>" [Dkt. 1-1 at 60] (emphasis added). Plaintiffs filed suit on June 5, 2020 and asserted a breach of contract claim against NSL, claiming that the denial of the Applications breached certain discharge provisions contained in their applicable Promissory Notes.

## ARGUMENT

**I.  Standard of Review.**

The Court should dismiss a Complaint for failure to state a claim if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint or counterclaim "must allege sufficient ultimate facts showing entitlement to relief." *Stein v. BBX Capital Corp.*, 241 So. 3d 874, 876 (Fla. 4th DCA 2018) (quotation omitted). While the Court must accept the facts alleged in the complaint as true "and make all reasonable inferences in favor of the pleader, conclusory allegations are insufficient." *Id.* (citing *Shands Teaching Hosp. and Clinics, Inc. v. Estate of Lawson ex rel. Lawson*, 175 So. 3d 327, 331 (Fla. 1st DCA 2015) (*en banc*).) Pleading "opinions, theories, legal conclusions or argument" is also insufficient. *Barrett v. City of Margate,* 743 So. 2d 1160, 1163 (Fla. 4th DCA 1999); *see also Davis v. Bay Cty. Jail*, 155 So. 3d 1173, 1177 (Fla. 1st DCA 2014)

3

("Under Florida procedural law, a complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories does not establish a claim for relief.") (citations omitted).

In a complaint, a plaintiff must allege "enough facts" to state a prima facie case for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *CEMEX Constr. Materials Florida, LLC v. Armstrong World Indus., Inc.*, 3:16-CV-186-J-34JRK, 2018 WL 905752, at *7 (M.D. Fla. Feb. 15, 2018) (citing *Twombly*, 550 U.S. at 556, 570).

## II. The Court Should Dismiss Plaintiffs' Breach of Contract Claim Because NSL Is Not A Party to the Promissory Notes.

A breach-of-contract claim has three elements: a valid contract, a material breach, and damages. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citation omitted); *J.J. Gumberg Co. v. Janis Serv., Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003) (citation omitted). As a preliminary matter, a breach of contract action cannot be maintained against a defendant unless that defendant is a party to a valid, binding contract. *Bartels v. Alabama Commercial Coll., Inc.*, 918 F. Supp. 1565, 1572 (S.D. Ga. 1995), *aff'd in part, rev'd in part sub nom. Bartels v. Alabama Commercial Coll.*, 189 F.3d 483 (11th Cir. 1999); *Katchmore Luhrs, LLC v. Allianz Global Corp. & Speciality,* No. 15-cv-23420, 2017 U.S. Dist. LEXIS 13778, at *14 (S.D. Fla. Jan. 31, 2017) (citing *Sumitomo Corp. of Am. v. M/V Saint Venture,* 683 F. Supp. 1361, 1369 (M.D. Fla. 1988)) ("It is hornbook law that privity of contract 'is essential to the maintenance of an action on any contract.'"); *Lokey v. F.D.I.C.,*

4

608 Fed. Appx. 736, 739 (11th Cir. 2015) ("A breach-of-contract claim depends, *a priori,* on the existence of a contract."). Contrary to Plaintiffs' allegations, the exhibits attached to the Complaint clearly demonstrate that there is no contract between the Plaintiffs and NSL. *Adams Arms, LLC v. Unified Weapon Sys., Inc.*, Case No. 8:16-cv-1503-T-33AEP, at *23 (M.D. Fla. Feb. 8, 2017) (dismissal granted because "a contract does not bind one who is not a party to the contract…"); *Lokey,* 608 Fed. Appx. at 739 (summary judgment granted because defendant was non party to contract); *Biscayne Inv. Grp., Ltd. v. Guarantee Management Servs., Inc.*, 903. So. 2d 251, 255 (Fla. 3d DCA 2005) (as a general rule, non-parties to a contract cannot be sued for breach of a contract).

Plaintiffs wrongly allege that NSL "makes student loans backed by the U.S. Department of Education…" and claim that they entered into contracts with NSL as the lender on their federal loans. [Dkt. 1-1 at ¶¶ 9, 33]. Not so. The exhibits attached, referenced, and incorporated in the Complaint expressly state that the DOE is the Plaintiff's lender for the loans at issue. For example, Exhibit B to Plaintiffs' Complaint, a letter from NSL regarding repayment of the loans, expressly states that Plaintiffs' "loan provider" is the DOE. [Dkt. 1-1 at 13]. The promissory notes further identify the DOE, not NSL, as the lender of the loans at issue. ("Direct Loans are made by the Department of Education") [Dkt. 1-1 at 20]. In fact, Exhibit D to the Complaint, which appears to be a snapshot of details regarding one of Plaintiffs' loans, expressly states that the "Lender" is the "U.S. Department of Education." [Dkt. 1-1 at 27]. Even Plaintiffs' Applications define the "holder of your Direct Loan Program loan(s)" the DOE. [Dkt. 1-1 at 38]. Moreover, when NSL notified Plaintiffs of the DOE's decision to deny the Applications, the denial letter expressly advised that the loans

5

> are owned by the U.S. Department of Education. The terms of the federal student loan programs are not determined by [NSL], they are established by federal law, in particular by the Higher Education Act of 1965, as amended, and U.S. Department of Education regulations. Among other things, the law and regulations set borrowing limits, interest rates, eligibility for subsidies, repayment plans, capitalization of interest, and loan forgiveness.

[Dkt. 1-1 at 60] (emphasis added).

Plaintiffs' Complaint, and the exhibits incorporated therein, establish that NSL was not Plaintiffs' lender, nor a party to the Promissory Notes. As such, it could not have "breached" any contracts it was not a party to. Because the Promissory Notes form the basis of Plaintiffs' breach of contract claim, their Complaint must be dismissed with prejudice, as any amendment would be futile. *See, e.g.*, *Estate of Faull by Jacobus v. McAfee*, 727 Fed. Appx. 548, 549 (11th Cir. 2018) (citations omitted) (recognizing it is proper to deny leave to amend if amendment would be futile).

## CONCLUSION

Because Plaintiffs cannot establish a prima facie breach of contract claim, and any attempts to amend would be futile, Defendant Navient Solutions, LLC, respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety.

Dated: August 14, 2020            Respectfully submitted,

*/s/ Aliza Malouf*
Aliza Malouf
Florida Bar No. 1010546
Hunton Andrews Kurth LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 979-8229
amalouf@huntonak.com

*Counsel for Defendant Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I certify that on August 14, 2020, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

<em>/s/ Aliza Malouf</em><br>Aliza Malouf