UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOLIMAR ECHEVARRIA and
LINNETTE M. CONDE REYES,

         Plaintiffs,               Case No. 6:20-cv-1406-PGB-DCI

         vs.

NAVIENT SOLUTIONS, LLC and,
INSTITUTE OF TECHNICAL ARTS,
LLC,

         Defendant.
_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | November 27, 2020 |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | Each party has already filed |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | January 15, 2021 |
| Disclosure of Expert Reports          Plaintiff:<br><br>          Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | July 9, 2021<br><br>August 11, 2021 |
| Discovery Deadline    [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | September 3, 2021 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| | |
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court recommends no less than 5 months before trial] | October 29, 2021 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to: chambers_FLMD_Byron@flmd.uscourts.gov   in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form)   Trial Briefs [Court recommends 4 weeks before Final Pretrial Conference] | January 14, 2022 |
| All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | January 21, 2022 |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | February 11, 2022 |
| Trial Term Begins   [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived. | March 7, 2022 |
| Estimated Length of Trial   [trial days] | 2 |
| Jury / Non-Jury | Non-Jury |
| Mediation                       Deadline: September 10, 2021 <br>                                       Mediator: Unknown <br>                                       Address:   Unknown <br><br>                                       Telephone:   Unknown <br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | September 10, 2021 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____   No_X___ <br><br> Likely to Agree in Future __X___ |

## I.      Preparation of the Case Management Report

The parties may communicate with each other electronically or by telephone as long as they can agree on all significant aspects of this Report. Otherwise, lead counsel must meet in person for the purpose of preparing and filing the Report. Unless the parties agree to meet elsewhere, the meeting must be held in the Orlando Division of the Middle District of Florida. The parties must complete the certification shown below:

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person OR telephonically (circle one) on __September 24, 2020____ (date) at _2:30 pm_____ (time) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Kevin C. Maxwell | Plaintiffs |
| Aliza Malouf | Defendant Navient |

## II.   Pre-Discovery Initial Disclosures of Core Information

Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by __ November 27, 2020 (date). Below is a description of information disclosed or scheduled for disclosure.

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

Names, addresses and telephone numbers of potential witnesses

Copies of documents held by each party that support their claims and defenses

## III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___    no party anticipates the disclosure or discovery of ESI in this case;

_X_    one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.    The form or forms in which ESI should be produced.

B.    Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

---

[2]    See Generally:   *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.   Any issues relating to preservation of discoverable ESI.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502,   If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient. The parties should attempt to agree on protocols that minimize the risk of waiver.   Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

The parties agree that discovery will be phased in the following way:   In the first phase of discovery, e-mail communications shall not be included.   Following the initial round of discovery, if additional information is needed, the Parties will meet and confer in good faith to discuss the scope and parameters of ESI, including search terms, the number of custodians, and the number of additional requests needed.   Each Party expressly reserves the right to object to any ESI request, as appropriate.   Further, any party

reserves the right to object to a request for any ESI to the extent that the documents requested are fully within the possession, custody, or control of third parties over whom the Party from whom documents are requested has no control or authority.

The Parties agree that a party shall have the right to object to the discovery pursuant to Fed. R. Civ. P. 26(b)(2)(B) on the basis that it is not reasonably accessible because of undue burden or cost but should state the objection with some particularity, and not in conclusory or boilerplate language. If there are disputed issues specified above, or elsewhere in this report, then (check one):

____   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

X   all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.


**IV.    Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.    <u>Certificate of Interested Persons and Corporate Disclosure Statement.</u>**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery

from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper including emergency motion is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current: ____X____ Yes

_____ No

Amended Certificate will be filed by _____ (party) on or before _____ date).

### B.    **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).   The parties further agree as follows:   Discovery may be provided by e-mail or in links to electronically shared folders.

### C.    **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.   Fed.R.Civ.P. 33(a); Local Rule 3.03(a).   Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.

Fed.R.Civ.P. 30(d)(2).   The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:   N/A

### D.   Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline.   In addition, the parties agree as follows: N/A

### E.   Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).   Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.   Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.   The parties agree on the following additional matters pertaining to the disclosure of expert testimony:   N/A

### F.   Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.   The Court is a public forum, and disfavors motions to file under seal.   The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.   *See Brown v. Advantage Engineering, Inc.*, 960

F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).   A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.   The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as confidential.   There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.   *See* Local Rule 4.15.   Each confidentiality agreement or order shall provide, or shall be deemed to provide, that no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.   With respect to confidentiality agreements, the parties agree as follows:   Because it is anticipated that the parties will exchange confidential and/or proprietary information in discovery, the parties have agreed to meet and confer to enter into a separate agreement governing the exchange of "Confidential" information and documents.

Clawback - Consistent with Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production of any documents during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege, protection as trial preparation material and the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return,

sequester or destroy the specified documents and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved.   To the extent that the information contained in a document subject to a claim of privilege has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved.   If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.   The producing party shall preserve the specified information until the claim is resolved.

The receiving party shall have five (5) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.   The producing party will then have five (5) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege for protection.   Any party may request expedited treatment of any request for the Court's determination of the claim.

To the extent that the procedures set forth in this protocol are followed, it is the intent of the Parties that the inadvertent production of privileged or protected documents shall not operate as a waiver of any such privilege or protection pursuant to Fed. R. Evid. 502.

G. **Other Matters Regarding Discovery:** The Parties have agreed to engage in early informal discovery for approximately 120 days in order to preserve costs while they explore possible resolution.

VI. **Settlement and Alternative Dispute Resolution.**

A. **Settlement**

The parties agree that settlement is ___X___ likely _____ unlikely

(check one)

The parties request a settlement conference before a United States

Magistrate Judge. _____ yes _____ no ___X___ likely to request in future

B. **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes ___X___ no _____ likely to agree in future

_____ Binding _____ Non-Binding

C. **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of Court approved mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov

D. **Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:   During the Parties' meet and confer session, the Parties discussed the possibility of resolving this matter.   The crux of the Plaintiff's case is that the Plaintiff's school was closed before she was able to finish her course of study and that the Department of Education lost her records preventing her from continuing her education at another school.   Thus, the Plaintiff contends that under the terms of the student loan agreement, the loan should be forgiven.   The crux of Defendant Navient's defense is that the Plaintiff did actually complete the course of study and thus the loan should not be forgiven.   Through their discussions, the Plaintiff and Defendant have learned that the Department of Education may have provided different documents and/or information to both the Plaintiff and the Defendant – i.e., telling Plaintiff that they have no records of her school attendance, while at the same time telling the Defendant that the Plaintiff has, in fact, graduated.   Due to this development, the Parties have agreed to set the discovery deadlines in the manner set forth in this Case Management Report to allow the Defendant approximately 90 days to research this issue and determine what documentation may be available to establish Plaintiff's school records, and in turn potentially resolve this case.

Date: <u>October 8, 2020</u>

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented

/s/ *Kevin C. Maxwell*
KEVIN C. MAXWELL, ESQUIRE
FL Bar # 0604976
733 West Colonial Drive
Orlando, Florida 32804
407-480-2179
407-849-2951 fax
kevinmaxwellpl@gmail.com
Attorney for Plaintiffs

/s/ *Aliza Malouf*
ALIZA MALOUF, ESQUIRE
FL Bar # 1010546
Hunton Andrews Kurth LLP
1445 Ross Avenue, Ste. 3700
Dallas, Texas 75202
214-979-8229
amalouf@huntonak.com
Attorney for Navient Solutions